UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALICIA T. PARRIS,   CASE NO.: _____

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian corporation;

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALICIA T. PARRIS, by and through her undersigned attorney, files her Complaint against Defendant, CARNIVAL CORPORATION, a Panamanian corporation, and in support states as follows:

### PRELIMINARY ALLEGATIONS

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, ALICIA T. PARRIS (hereinafter "Plaintiff"), is a citizen and resident of the state of Florida, and is otherwise *sui juris*.

3. At all times material hereto, Defendant, CARNIVAL CORPORATION, is a corporation incorporated under the laws of Panama having its principal place of business in Miami, Florida.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

5. This matter is being brought under the admiralty and maritime jurisdiction of the court pursuant to 28 U.S.C. §1333.

6. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;

   b. Was engaged in substantial activity within this state; and/or

   c. Operated vessels in the waters of this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, §48.081, §48.181 or §48.193; and/or

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. The Defendant was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard their various vessels.

7. Defendant is subject to the jurisdiction of this Court.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel "Conquest".

10. On March 2nd, 2019, Plaintiff embarked on a seven (7) day cruise aboard Carnival's Conquest vessel for sailing to the Southern Caribbean through March 9th, 2019 out of the port of Fort Lauderdale, FL and was assigned cabin number 6300.

11.     Cabin number 6300 has a bunk bed that was designed to be anchored to the wall for safety. The top bunk of the bunk bed was accessed and left through the use of a ladder which was not supposed to move while a passenger was utilizing it for ingress or egress to the bunk bed.

12.     In the early morning of March 5, 2019, as Plaintiff was slowly going down ladder of her cabin's bunk bed, the bunk bed loosened from its secured place causing the ladder to suddenly move, causing Plaintiff to slip off the steps of the ladder and fall hard about three (3) feet onto the floor, ultimately causing her to suffer a closed fracture of the distal fibula of her right foot.

13.     All conditions precedent for filing and maintaining this action have been fulfilled, performed or waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts and incorporates by reference the allegations of paragraphs one (1) through thirteen (13) as though alleged originally herein.

14.     It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

15.     Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care and safety under the circumstances by committing the following acts of omission/commission:

  a. Defendant knew from previous similar incidents of the likelihood of such an incident yet failed to take steps to correct the conditions causing the accident.

  b. Defendant was responsible for the design and layout of the bunk bed and ladder located inside Plaintiff's cabin during her cruise vacation, and/or;

  c. Defendant failed to properly inspect, maintain and fix the bunk bed and ladder located inside Plaintiff's cabin during her cruise vacation, and/or;

d. Defendant failed to properly anchor in place and secure to the wall the bunk bed and ladder to avoid the same from either from moving and causing injury and damages to the Plaintiff, and/or;

e. Defendant created an unsafe or foreseeable hazardous condition at the bunk bed and ladder located inside Plaintiff's cabin during her cruise vacation, and/or;

f. Defendant failed to warn Plaintiff of the existence of a dangerous condition at the bunk bed and/or ladder, and/or;

g. Defendant failed to prevent Plaintiff from using the bunkbed and ladder because of a dangerous condition with respect to same that existed for a sufficient length of time for Defendant to know of it or Defendant should have known it posed a danger to the Plaintiff, and/or;

h. Defendant failed to have a policy/procedure and/or adequate policies/procedures in place in order to ensure bunk bed and ladder located inside Plaintiff's cabin was free from any dangerous condition, and/or;

i. Defendant failed to comply with safety codes and standards designed and promulgated to reduce the risk of the type of incident Plaintiff suffered, from happening, and/or;

16. Defendant's aforementioned acts of omission/commission were the direct and proximate cause of the injuries and damages to the Plaintiff.

17. At all times material hereto, Defendant was an active participant in the chain of events that resulted in damages to Plaintiff. Defendant had the right to exercise supervision, and did, in fact exercise, supervision and control over Plaintiff's cabin, specially the bunkbed and its ladder.

18. At all times material hereto, Defendant negligently failed investigate and/or determine the hazards of a loosely or improperly anchored bunk bed or ladder to the Plaintiff, failed to eliminate the foregoing hazard, failed to modify and/or minimize the hazard and failed to properly warn Plaintiff of the hazard. All the above caused Plaintiff to be injured.

19. The Defendant knew of the foregoing conditions causing Plaintiff's fall and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

20. As a result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered severe physical pain, mental and emotional anguish, loss of income and earning capacity, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits of life, disfigurement and other mental and/or nervous disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries and suffered physical handicap. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket as well as transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury for all such issues so triable as a matter of right.

[Space Intentionally Left Blank]

Dated this 4th day of March, 2020.

CHARLIP LAW GROUP, L.C.
*Counsel for Plaintiff*
999 Brickell Avenue
Suite 840
Miami, FL 33131
Phone: (305) 354-9313
Fax:    (305) 354-9314
dcharlip@charliplawgroup.com
assistant@charliplawgroup.com

By: _____
David M. Charlip, B.C.S.
Florida Bar No.: 329932